UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────┐
│ USDC SDNY                                │
│ DOCUMENT                                 │
│ ELECTRONICALLY FILED                     │
│ DOC #: _____               │
│ DATE FILED:  3/14/2023   ___             │
└─────────────────────────────────────────┘
```

JUSTINE FERREIRA and NICHOLAS ROJAS,
SR., as Parents and Natural Guardians of N.R.,
and JUSTINE FERREIRA and NICHOLAS
ROJAS, SR., Individually,

              Plaintiffs,

    -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

              Defendant.

22 Civ. 4993 (AT)

JUSTINE FERREIRA and NICHOLAS ROJAS,
SR., as Parents and Natural Guardians of N.R.,
and JUSTINE FERREIRA and NICHOLAS
ROJAS, SR., Individually,

              Plaintiffs,

    -against-

MEISHA PORTER, in her Official Capacity as
the Chancellor of the New York City Department
of Education, and the NEW YORK CITY
DEPARTMENT OF EDUCATION,

              Defendants.

21 Civ. 11087 (AT)

JUSTINE FERREIRA, as Parent and Natural
Guardian of N.R. and individually,

              Plaintiff,

    -against-

MEISHA PORTER, in her official capacity as
the Chancellor of the New York City Department
of Education, and the NEW YORK CITY
DEPARTMENT OF EDUCATION,

              Defendants.

21 Civ. 6012 (AT)

|  |  |
|---|---|
| JUSTINE FERREIRA, as Parent and Natural Guardian of N.R. and JUSTINE FERREIRA, Individually,<br><br>     Plaintiff,<br><br>  -against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>     Defendant. | 20 Civ. 9849<br><br>**ORDER** |

ANALISA TORRES, District Judge:

On November 23, 2020, in *Ferreira I*, Justine Ferreira, individually and on behalf of her minor child, N.R., filed a complaint against the New York City Department of Education ("DOE"), seeking funding for tuition and related services rendered to N.R. at a unilateral private placement for the 2020-21 school year on the basis of pendency, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*  ECF No. 2, *Ferreira v. N.Y.C. Dep't of Educ.*, 20 Civ. 9849.  On February 8, 2021, Ferreira filed an amended complaint. *Ferreira I* Compl., ECF No. 20, 20 Civ. 9849.  The DOE now moves to dismiss the amended complaint, ECF No. 42, 20 Civ. 9849, and Ferreira moves for preliminary relief, ECF No. 46, 20 Civ. 9849.  On March 2, 2022, the Court stayed the case.  ECF No. 61, 20 Civ. 9849.  For the reasons stated below, the case is UNSTAYED, the DOE's motion to dismiss is GRANTED, and Ferreira's motion for preliminary relief is DENIED.

On July 13, 2021, in *Ferreira II*, Ferreira, individually and on behalf of N.R., filed a complaint against Defendants Meisha Porter, in her official capacity as Chancellor of the DOE, and the DOE, seeking funding for tuition and related services rendered to N.R. at a unilateral private placement for the 2019-20 school year on the basis that N.R. was denied a free and appropriate public education ("FAPE") under the IDEA.  *Ferreira II* Compl., ECF No. 1,

*Ferreira v. Porter*, 21 Civ. 6012.  Ferreira now moves for summary judgment, ECF No. 35, 21 Civ. 6012, and Defendants cross-move for summary judgment, ECF No. 44, 21 Civ. 6012.  For the reasons stated below, Ferreira's motion for summary judgment is DENIED, and Defendants' cross-motion for summary judgment is GRANTED.

On December 27, 2021, in *Ferreira III*, Ferreira and Nicholas Rojas, Sr., individually and on behalf of their minor child, N.R., filed a complaint against Porter, in her official capacity, and the DOE, seeking funding for tuition and related services rendered to N.R. at a private unilateral placement during the 2020-21 school year on the basis that N.R. was denied a FAPE.  *Ferreira III* Compl., ECF No. 1, *Ferreira v. Porter*, 21 Civ. 11087.  Plaintiffs now move for summary judgment, ECF No. 23, 21 Civ. 11087, and Defendants cross-move for summary judgment, ECF No. 32, 21 Civ. 11087.  For the reasons stated below, Plaintiffs' motion for summary judgment is GRANTED in part, and DENIED in part, and Defendants' cross-motion for summary judgment is GRANTED in part, and DENIED in part.

On June 14, 2022, in *Ferreira IV*, Ferreira and Rojas, individually and on behalf of N.R., filed a complaint against the DOE, seeking funding for tuition and related services rendered to N.R. at a unilateral private placement during the 2019-20 and 2020-21 school years on the basis of pendency.  *Ferreira IV* Compl., ECF No. 1, *Ferreira v. N.Y.C. Dep't of Educ.*, 22 Civ. 4993.  Plaintiffs now move for preliminary relief.  *Ferreira IV* Pl. Mot., ECF No. 5, 22 Civ. 4993.  For the reasons stated below, Plaintiffs' motion for preliminary relief is DENIED.[1]

## BACKGROUND

N.R. was a minor child with a brain injury, cerebral palsy, and epilepsy.  *Ferreira IV* Compl. ¶¶ 14, 49.  He suffered from global developmental delays, dysphagia, and hypotonia,

---

[1] Although the Court notes that the parties differ slightly among the four cases at issue here, the Court shall refer to the parties in each case as "Plaintiffs" and "the DOE".

which severely impaired his cognition, memory, and attention, and his language, information processing, and problem-solving skills. *Id.* ¶¶ 49–50. He was non-verbal and non-ambulatory. *Id.* ¶ 52. He required intensive management and supervision, including special education and related services. *Id.* ¶¶ 52–55. The above-captioned actions involve Plaintiffs' claims for funding for N.R.'s tuition and related services at the International Institute for the Brain ("iBrain"), a specialized private school in New York City that serves students with brain injuries, for the 2019-20 and 2020-21 school years. *See Ferreira IV* Compl. ¶¶ 31, 56.

I.      2017-18 and 2018-19 School Years

The DOE developed an individualized education program ("IEP") for N.R. for the 2017-18 school year, as required by the IDEA. *Ferreira I* Compl. ¶ 61. Plaintiffs notified the DOE that they disagreed with the IEP and would enroll N.R. at the International Academy of Hope ("iHope"), a specialized private school, and filed a due process complaint ("DPC") alleging that the DOE had not provided N.R. with a FAPE for the 2017-18 school year. *Id.* ¶¶ 63–65. An Impartial Hearing Officer ("IHO") found that the DOE had denied N.R. a FAPE for the 2017-18 school year and that N.R.'s placement at iHope was appropriate. *Id.* ¶ 72. The DOE did not appeal the IHO's order. *Id.* ¶ 76.

The DOE developed an IEP for N.R. for the 2018-19 school year. *Id.* ¶ 78. Plaintiffs notified the DOE that they disagreed with the IEP and would enroll N.R. at iBrain, and filed a DPC alleging that the DOE denied N.R. a FAPE for the 2018-19 school year. *Id.* ¶¶ 80, 82, 88. On July 9, 2018, N.R. began attending iBrain. *Id.* ¶ 91. The 2018-19 DPC was not fully adjudicated until August 2, 2021, when State Review Officer ("SRO") Carol H. Hague issued her decision on the merits, holding that the DOE denied N.R. a FAPE for the 2018-19 school year and that iBrain was an appropriate placement, and ordering funding for tuition and related

services at iBrain. *Ferreira IV* Pl. Mem. at 19, 22 Civ. 4993, ECF No. 6. The DOE did not appeal SRO Hague's decision. *Id.*

II.     2019-20 School Year

On June 21, 2019, Plaintiffs notified the DOE that they disagreed with the 2019-20 IEP developed by the DOE and intended to re-enroll N.R. at iBrain. *Ferreira I* Compl. ¶ 98. On July 8, 2019, Plaintiffs filed a DPC alleging that the DOE denied N.R. a FAPE for the 2019-20 school year. *Id.* ¶ 102. On March 16, 2020, IHO James McKeever issued a pendency order on consent, holding that N.R.'s pendency placement was at iBrain during the pendency of the litigation of the 2019-20 DPC. *Ferreira IV* Compl. ¶¶ 43–44, 63. On January 12, 2021, IHO McKeever issued a decision on the merits, holding that the DOE had provided N.R. with a FAPE for the 2019-20 school year. *Id.* ¶ 64. On February 22, 2021, Plaintiffs appealed IHO McKeever's decision on the merits. *Ferreira II* Compl. ¶ 65. On April 14, 2021, SRO Sarah L. Harrington overturned IHO McKeever's decision, holding that N.R. was denied a FAPE for the 2019-20 school year and that iBrain was an appropriate placement, but denying Plaintiffs' requested relief on equitable grounds. *Ferreira IV* Compl. ¶ 66.

On July 13, 2021, Plaintiffs filed *Ferreira II*, seeking review of SRO Harrington's decision. *Ferreira II* Compl. On October 5, 2021, N.R. passed away. *Ferreira III* Compl. ¶ 21. On June 14, 2022, Plaintiffs filed *Ferreira IV*, seeking funding for the 2019-20 and 2020-21 school years on the basis of pendency. *Ferreira IV* Compl.

On March 23, 2022, Plaintiffs moved for summary judgment in *Ferreira II*. ECF No. 35, 21 Civ. 6012. On June 24, 2022, the DOE filed a cross-motion for summary judgment. ECF No. 44, 21 Civ. 6012. On July 5, 2022, Plaintiffs moved for preliminary relief in *Ferreira IV*. *Ferreira IV* Pl. Mot. On July 8, 2022, the Court stated that it would resolve Plaintiffs'

application on the papers.  ECF No. 9, 22 Civ. 4993.

   III.     <u>2020-21 School Year</u>

      On June 26, 2020, Plaintiffs notified the DOE that they disagreed with the 2020-21 IEP developed by the DOE and intended to re-enroll N.R. at iBrain.  *Ferreira I* Compl. ¶¶ 112–13. On July 6, 2020, Plaintiffs filed a DPC alleging that the DOE denied N.R. a FAPE for the 2020-21 school year.  *Id.* ¶ 118.  On October 16, 2020, IHO Daniel Ajello issued a pendency order, holding that N.R.'s pendency placement was at iBrain during the pendency of the litigation of the 2020-21 DPC.  *Id.* ¶¶ 143, 145.  On November 23, 2020, Plaintiffs filed *Ferreira I*, seeking enforcement of IHO Ajello's order in the form of immediate funding for the 2020-21 school year on the basis of pendency.  ECF No. 2, 20 Civ. 9849.  The DOE appealed IHO Ajello's order and, on December 23, 2020, SRO Justyn Bates reversed the order.  *Ferreira I* Compl. ¶¶ 171–72.  On February 8, 2021, Plaintiffs filed an amended complaint in *Ferreira I*.  *Ferreira I* Compl.

      On June 21, 2021, IHO Vanessa Gronbach issued a decision on the merits, holding that N.R. was denied a FAPE for the 2020-21 school year and iBrain was an appropriate placement, and ordering the DOE to directly fund N.R.'s tuition and related services.  *Ferreira IV* Compl. ¶¶ 75–77.  The DOE appealed, and on August 27, 2021, SRO Harrington affirmed in part and reversed in part IHO Gronbach's order.  *Id.* ¶ 78.  On December 27, 2021, Plaintiffs filed *Ferreira III*, seeking review of SRO Harrington's order.  *Ferreira III* Compl.  On June 14, 2022, Plaintiffs filed *Ferreira IV*, seeking funding for the 2019-20 and 2020-21 school years on the basis of pendency.  *Ferreira IV* Compl.

      On June 2, 2021, the DOE filed a motion to dismiss the amended complaint in *Ferreira I*. ECF No. 42, 20 Civ. 9849.  On June 30, 2021, Plaintiffs cross-moved for preliminary relief. ECF No. 46, 20 Civ. 9849.  On March 2, 2022, the Court stayed *Ferreira I*, pending resolution of

*Ferreira III*.  ECF No. 61, 20 Civ. 9849.  On July 6, 2022, Plaintiffs filed a motion for summary

judgment in *Ferreira III*.  ECF No. 23, 21 Civ. 11087.  On October 20, 2022, the DOE cross-

moved for summary judgment.  ECF No. 32, 21 Civ. 11087.  And, as stated above, on July 5,

2022, Plaintiffs moved for preliminary relief in *Ferreira IV*.  ECF No. 5, 22 Civ. 4993.

## DISCUSSION

### I.    Statutory Framework

The IDEA requires each state to provide disabled children with a FAPE.  *R.E. v. N.Y.C.

Dep't of Educ.*, 694 F.3d 167, 174–75 (2d Cir. 2012).  School districts are required to create an

IEP for each disabled child.  *Id.* at 175 (citing 20 U.S.C. § 1414(d)).  An IEP "sets out the child's

present educational performance, establishes annual and short-term objectives for improvements

in that performance, and describes the specially designed instruction and services that will enable

the child to meet those objectives."  *L.O. v. N.Y.C. Dep't of Educ.*, 822 F.3d 95, 102–03 (2d Cir.

2016) (quoting *R.E.*, 694 F.3d at 175).  In New York City, the DOE creates an IEP through a

local Committee on Special Education ("CSE").  *See* N.Y. Educ. Law § 4402(1)(b)(1).

If a parent believes that the DOE has failed to provide their child with a FAPE, the parent

may file a DPC.  *M.O. v. N.Y.C. Dep't of Educ.*, 793 F.3d 236, 239 (2d Cir. 2015) (per curiam)

(quoting *Hardison v. Bd. of Educ.*, 773 F.3d 372, 376 (2d Cir. 2014)).  The parent may also

"unilaterally enroll the child in a private school and seek tuition reimbursement from the school

district" through a DPC.  *Id.* (quoting *Hardison*, 773 F.3d at 376).  A DPC initiates

administrative proceedings, including a hearing before an IHO.  *R.E.*, 694 F.3d at 175 (citing

N.Y. Educ. Law § 4404(1)).  After an IHO has issued a decision, either party may appeal that

decision to the SRO.  *Id.* (citing N.Y. Educ. Law § 4404(2)).  Either party may seek review of

the SRO's final administrative decision by bringing a civil action in state or federal court.  *Id.* (citing 20 U.S.C. § 1415(i)(2)(A)).

To prevail on a claim for tuition funding, parents must satisfy the *Burlington/Carter* test. *See Florence Cnty. Sch. Dist. Four v. Carter ex rel. Carter*, 510 U.S. 7, 15 (1993); *Sch. Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359, 367 (1985); *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 152 (2d Cir. 2014).  The *Burlington/Carter* test examines:  (1) whether the school district failed to provide the student a FAPE; (2) whether the parents' alternative private placement was appropriate; and (3) whether the equities favor the parents.  *See Carter*, 510 U.S. at 15; *Burlington*, 471 U.S. at 367; *Cornwall Cent. Sch. Dist.*, 752 F.3d at 152.

Additionally, the IDEA requires that, while administrative and judicial proceedings are pending, a student must remain, at public expense, in their "then-current" educational placement. *Ventura de Paulino v. N.Y. City Dep't of Educ.*, 959 F.3d 519, 526 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 1075 (2021), *reh'g denied*, 141 S. Ct. 1530 (2021).  This is known as pendency.  If a school district refuses to fund or provide services which it is required to fund or provide during the pendency of proceedings, the district has committed a "stay-put" violation.  *See Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 452 (2d Cir. 2015); *see also Cornwall Cent. Sch. Dist.*, 752 F.3d at 152, 171; 20 U.S.C. § 1415(j).  Even if it is ultimately determined that the student was not denied a FAPE, the school district is still obligated to fund the student's existing placement and services during the pendency of proceedings.  *See E. Lyme*, 790 F.3d at 452.  But, if a parent unilaterally moves a student during the pendency of proceedings, the parent does so at their own financial risk.  *See Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 111 (2d Cir. 2007).  A student's "then-current educational placement" is generally the last agreed-upon placement between the parties.  *Cornwall Cent. Sch. Dist.*, 752 F.3d at 152, 171.  An "agreement" between

parents and a school district that creates or modifies a pendency placement can occur by actual agreement of the parties, by a final administrative decision, or by determination of a court on appeal from an SRO's decision.  *See Mackey ex rel. Thomas M. v. Bd. of Educ.*, 386 F.3d 158, 163 (2d Cir. 2004); *Bd. of Educ. v. Schutz*, 290 F.3d 476, 482 (2d Cir. 2002); *M.G. v. N.Y.C. Dep't of Educ.*, 982 F. Supp. 2d 240, 247–48 (S.D.N.Y. 2013).

II.     Legal Standard

A.  Motion to Dismiss

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept the material facts alleged in the complaint as true and "construe all reasonable inferences in the plaintiff's favor."  *Phelps v. Kapnolas*, 308 F.3d 180, 184 (2d Cir. 2002) (citation omitted).  The complaint must contain sufficient factual matter to state a claim for relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that enables the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*

B.  Summary Judgment

In an IDEA case, summary judgment motions are treated as, "in substance[,] an appeal from an administrative determination, not a summary judgment motion."  *M.H. v. N.Y. City Dep't of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012) (alteration omitted) (quoting *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 83 n.3 (2d Cir. 2005)).  The Court "must base its decision on the preponderance of the evidence."  *R.E.*, 694 F.3d at 184.

The Court "must give 'due weight' to [administrative] proceedings, mindful that the judiciary generally 'lacks the specialized knowledge and experience necessary to resolve

persistent and difficult questions of educational policy.'" *M.H.*, 685 F.3d at 240 (quoting *Gagliardo*, 489 F.3d at 113). "[C]ourts may not 'substitute their own notions of sound educational policy for those of the school authorities which they review.'" *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009) (quoting *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982)). Therefore, "the role of the federal courts in reviewing state educational decisions under the IDEA is 'circumscribed.'" *M.H.*, 685 F.3d at 240 (quoting *Gagliardo*, 489 F.3d at 112).

Where the IHO and SRO reach conflicting conclusions, "reviewing courts . . . must defer to the reasoned conclusions of the SRO as the final state administrative determination." *Id.* at 246. But, "the deference owed to an SRO's decision depends on the quality of that opinion." *R.E.*, 694 F.3d at 189. Courts may consider "whether the decision being reviewed is well-reasoned, and whether it was based on substantially greater familiarity with the evidence and the witnesses than the reviewing court." *Id.* (quoting *M.H.*, 685 F.3d at 244). Courts should "afford more deference when [their] review is based entirely on the same evidence as that before the SRO," as is the case here. *Id.* (citation omitted). However, if a court "appropriately concludes that the SRO's determinations are insufficiently reasoned to merit that deference, and in particular where the SRO rejects a more thorough and carefully considered decision of an IHO," that court may instead defer to the IHO's analysis. *Id.* (citation omitted). Additionally, a court need not defer to administrative decisions on matters of law. *See Lillbask*, 397 F.3d at 82 ("[T]he due weight we ordinarily must give to the state administrative proceedings is not implicated with respect to issues of law, such as the proper interpretation of the federal statute and its requirements." (cleaned up)). When seeking to overturn the decision of an SRO, the

appellant bears the burden of demonstrating that the decision was insufficiently reasoned or supported. *See M.H.*, 685 F.3d at 225 n.3.

  C. Preliminary Relief

  The IDEA displaces the standard for a preliminary injunction where a parent seeks an order under the "stay-put" provision, 20 U.S.C. § 1415(j).  *See L.B. ex rel. S.B. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 9356, 2022 WL 220085, at *2 (S.D.N.Y. Jan. 25, 2022) (citing *Ventura de Paulino*, 959 F.3d at 529).

  Where the school providing the child's pendency services is no longer available and the school district refuses or fails to provide pendency services, a charge to change a child's placement can be made pursuant to a different provision of the IDEA:  14 U.S.C. § 1415(i)(2)(C)(iii).  *L.B. ex rel. S.B.*, 2022 WL 220085, at *4.  An application for a preliminary injunction under 14 U.S.C. § 1415(i)(2)(C)(iii) is governed under the traditional equitable relief standard.  *L.B. ex rel. S.B.*, 2022 WL 220085, at *4.  The parent must show that:  (1) they are likely to succeed on the merits, (2) the balance of hardships tips in their favor, (3) they will suffer irreparable harm in the absence of preliminary relief, and (4) the relief sought is in the public interest.  *In re Platinum-Beechwood Litig.*, 378 F. Supp. 3d 318, 326 (S.D.N.Y. 2019).  Under this standard, preliminary relief "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

 III. <u>Analysis</u>

  A. 2019-20 School Year

  In *Ferreira II*, Plaintiffs request funding for the 2019-20 school year on the basis of denial of a FAPE.  *Ferreira II* Compl. at 10–11.  In *Ferreira IV*, Plaintiffs request funding for the 2019-20 school year on the basis of pendency.  *Ferreira IV* Compl. at 12.  In *Ferreira IV*,

Plaintiffs contend that "[i]n lieu of conducting a review of the substantive merits [in *Ferreira II*], . . . no such adjudication is necessary, as [the DOE was] obligated to fund N.R.'s placement on the basis of pendency." *Ferreira IV* Pl. Mem. at 16.  Accordingly, the Court will first address Plaintiffs' motion for preliminary relief in *Ferreira IV*.

In *Ferreira IV*, Plaintiffs argue that they are entitled to preliminary relief requiring the DOE to immediately fund the tuition owed for education and related services provided to N.R. for the 2019-20 school year pursuant to 20 U.S.C. §1415(j).  *Ferreira IV* Pl. Mem. at 1; *Ferreira IV* Pl. Mot.  The DOE contends that Plaintiffs' claims are barred by collateral estoppel and res judicata.  *Ferreira IV* Def. Opp. at 1, ECF No. 15, 22 Civ. 4993.

Parties are precluded from litigating issues that "were or could have been decided in a prior proceeding." *Grenon v. Taconic Hills Cent. Sch. Dist.*, No. 05 Civ. 1109, 2006 WL 3751450, at *6 (N.D.N.Y. Dec. 19, 2006) (quoting *Perez v. Danbury Hosp.*, 347 F.3d 419, 426 (2d Cir. 2003)).  Res judicata applies when the prior proceeding:  (1) involved an adjudication on the merits, (2) involved the same plaintiffs as in the present case or those in privity with them, and (3) the claims in the present case were or could have been raised in the prior proceeding.  *Id.* (citing *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)).

Plaintiffs' claims in *Ferreira IV* are barred by res judicata.  First, in *Ferreira v. Carranza*, No. 19 Civ. 8519, Ferreira filed suit for funding for tuition at iBrain for the 2019-20 school year on the basis of pendency, pursuant to 20 U.S.C. § 1415(j).  S.D.N.Y. Order at 1, 5, ECF No. 51, 19 Civ. 8519.  On March 2, 2020, the Honorable Jesse M. Furman denied Ferreira's motions for summary judgment and preliminary relief and granted summary judgment to the DOE.  *Id.* at 8.  Thus, there was an adjudication on the merits as to the same claim brought by Plaintiffs in this case.  Second, Ferreira is one of two plaintiffs in *Ferreira IV*, the other being Rojas, who is also

bringing suit as a parent of N.R.  *Ferreira IV* Compl. ¶ 19.  Because "the law is well-settled on applying res judicata to third parties whose interests were represented by those closely aligned to them," res judicata applies to both Plaintiffs in *Ferreira IV*.  *Sure-Snap Corp. v. State St. Bank & Tr. Co.*, 948 F.2d 869, 877 (2d Cir. 1991).  Third, the claims in the present case are identical to the claims previously raised before Judge Furman.  Plaintiffs' motion for preliminary relief in *Ferreira IV* is, therefore, DENIED as to funding for the 2019-20 school year.[2]

Next, the Court addresses the parties' motions in *Ferreira II*.  Plaintiffs appeal from SRO Harrington's decision to the extent that she found that equitable considerations did not weigh in favor of tuition reimbursement for Plaintiffs.[3]  2019-20 SRO Decision at 19–23, ECF No. 1-2, 21 Civ. 6012.  Plaintiffs argue that SRO Harrington erred in finding that Plaintiffs prevented the DOE from completing updated evaluations of N.R. for use in developing the 2019-20 IEP, *Ferreira II* Pl. Mem. at 7–10, ECF No. 39, 21 Civ. 6012, and that Plaintiffs' refusal to attend the CSE meeting was unreasonable, *id.* at 11–19.  Plaintiffs contend that the Court should not give deference to SRO Harrington's decision because it was inadequately reasoned.  *Id.* at 19–23.

SRO Harrington noted, as did IHO McKeever, that Plaintiffs did not attend the CSE meeting through no fault of the DOE, and that Plaintiffs frustrated the DOE's attempts to collect an updated social history and psychoeducational evaluation.  2019-20 IHO Decision at 8, 10, ECF No. 1-1, 21 Civ. 6012; 2019-20 SRO Decision at 4–5, 8.  SRO Harrington found that the CSE had attempted but was unable to obtain updated evaluations and progress reports for N.R.

---

[2] Because res judicata applies, the Court need not reach the DOE's collateral estoppel argument.

[3] Plaintiffs also appeal SRO Harrington's decision to the extent that she does not make particular factual findings as to N.R.'s needs and appropriate class size, but the Court shall not consider these arguments, as SRO Harrington found that the DOE denied N.R. a FAPE for the 2019-20 school year and that iBrain was an appropriate placement. *Ferreira II* Pl. Mem. at 11, ECF No. 39, 21 Civ. 6012.  Plaintiffs were not aggrieved by this portion of SRO Harrington's order, so appeal is improper.  *See* 20 U.S.C. § 1415(g)(1); 8 N.Y.C.R.R. § 200.5(k)(1); *J.F. v. N.Y.C. Dep't of Educ.*, No. 12 Civ. 2184, 2012 WL 5984915, at \*9–10 (S.D.N.Y. Nov. 27, 2012).  Additionally, Plaintiffs attempt to relitigate pendency for the 2019-20 school year in *Ferreira II*.  *Ferreira II* Pl. Mem. at 1, 28–30.  As stated above, Plaintiffs' claim for pendency for 2019-20 is barred.

prior to the CSE meeting, which left the CSE with "little evaluative information in order to make a reasoned determination as to a program, particularly as to the level of related services, necessary to meet the student's special education needs." 2019-20 SRO Decision at 9, 13–14.

Specifically, the DOE made several attempts to schedule evaluations and obtain information from Plaintiffs over the phone. *Id.* at 20. Plaintiffs missed two separate appointments for evaluations, after repeated rescheduling by the DOE at Plaintiffs' request. *Id.* Plaintiffs failed to provide progress reports, which the DOE requested on multiple occasions. *Id.* at 19–22. Plaintiffs did not attend the CSE meeting, which was rescheduled at Plaintiffs' request and despite the DOE's offer of accommodations to ensure Plaintiffs' participation, and which the DOE notified Plaintiffs could not be rescheduled again because the DOE would be unable to ensure a timely recommendation and placement. *Id.* at 22. On the day of the meeting, the CSE called Plaintiffs and iBrain to attempt to secure Plaintiffs' participation as well as that of N.R.'s special education teacher and service providers, as requested by Plaintiffs. *Id.* at 21–22. Plaintiffs answered the first phone call from the CSE but did not answer a subsequent call. *Id.* at 22. SRO Harrington reasoned that Plaintiffs impeded the process leading up to the CSE meeting and prevented the DOE from having recent evaluative information, which contributed to a finding of a denial of a FAPE based on an inadequate IEP. *Id.* at 19 n.16, 23. She held that Plaintiffs' actions in withholding information, missing scheduled evaluations, and refusing to attend the CSE meeting were unreasonable. *Id.* at 23. She concluded that, because Plaintiffs prevented the DOE from meeting its obligations under the IDEA, equitable considerations weigh against providing reimbursement for tuition for the 2019-20 school year. *Id.*

The Court defers to SRO Harrington's decision because it is well-reasoned, it is based on the same record presently before the Court, and the IHO and SRO agree as to the equitable

considerations disfavoring reimbursement.  *M.H.*, 685 F.3d at 240, 244, 246; *Gagliardo*, 489

F.3d at 113; *R.E.*, 694 F.3d at 189.  Plaintiffs argue that SRO Harrington's decision is not well-

reasoned because it is the DOE's burden to conduct required evaluations and offer Plaintiffs a

meaningful opportunity to participate in the CSE meeting.  *Ferreira II* Pl. Mem. at 15, 17.  But, a

"major consideration" in determining whether the equities favor reimbursement is "whether

[Plaintiffs] have cooperated with the [DOE] throughout the process to ensure that their child

receives a FAPE."  *N.R. ex rel. T.R. v. Dep't of Educ.*, No. 07 Civ. 9648, 2009 WL 874061, at *6

(S.D.N.Y. Mar. 31, 2009) (quoting *Bettinger v. N.Y.C. Bd. of Educ.*, No. 06 Civ. 6889, 2007 WL

4208560, at *6 (S.D.N.Y. Nov. 20, 2007)).  "Where parents unilaterally place their child in a

private school and then frustrate the public educational authorities' ability to place the child in an

appropriate private setting of the [s]tate's choice, thus making it impossible to conform to

IDEA's mandate, equitable considerations demand that the [C]ourt deny reimbursement."  *Id.*

(cleaned up).  Here, Plaintiffs "obstructed [and] were uncooperative in the [DOE's] efforts to

meet its obligations under the IDEA."  *C.L. v. Scarsdale Union Free Sch. Dist.*, 744 F.3d 826,

840 (2d Cir. 2014); *see also* 20 U.S.C. § 1412(a)(10)(C)(iii)(III) (stating that reimbursement can

be denied "upon a judicial finding of unreasonableness with respect to actions taken by the

parents").  The Court defers to both the IHO and SRO's findings of fact and agrees that, on these

facts, Plaintiffs acted unreasonably and frustrated the DOE's attempts to satisfy its obligations

under the IDEA.

The Court affirms the 2019-20 SRO Decision.  Plaintiffs' motion for summary judgment

in *Ferreira II* is DENIED.  The DOE's cross-motion for summary judgment is GRANTED as to

its request to affirm SRO Harrington's findings regarding equitable considerations.  The Court

shall not address the DOE's request to reverse SRO Harrington's findings regarding denial of a

FAPE and the propriety of iBrain as a placement for N.R., as it is not necessary to provide complete relief.

B.  2020-21 School Year

In *Ferreira I*, Plaintiffs request funding for the 2020-21 school year on the basis of pendency, in accordance with IHO Ajello's pendency order.  *Ferreira I* Compl. at 27–29.  In *Ferreira III*, Plaintiffs request direct funding for the 2020-21 school year on the basis of denial of a FAPE.  *Ferreira III* Compl. at 16.  In *Ferreira IV*, Plaintiffs request funding for the 2020-21 school year on the basis of pendency.  *Ferreira IV* Compl. at 12.  *Ferreira I* has been stayed pending decision in *Ferreira III*.  ECF No. 61, 20 Civ. 9849.

The Court shall first address Plaintiffs' motion in *Ferreira IV*.  Plaintiffs argue that they are entitled to preliminary relief requiring the DOE to immediately fund the tuition owed for education and related services provided to N.R. for the 2020-21 school year pursuant to 20 U.S.C. §1415(j).  *Ferreira IV* Pl. Mem. at 1; *Ferreira IV* Pl. Mot.  Plaintiffs concede that the parties' last agreed-upon placement was iHope, from which Plaintiffs unilaterally moved N.R.  *Ferreira IV* Pl. Mem. at 10; *see also* S.D.N.Y. Order at 1.  Plaintiffs contend that iHope "was not offered as a pendency placement to N.R."  *Ferreira IV* Pl. Mem. at 10.  But, Plaintiffs do not argue that iHope was unavailable or inadequate.  *See* S.D.N.Y. Order at 7; *Ventura de Paulino*, 959 F.3d at 534 n.65.  Therefore, iHope was the parties' last agreed-upon placement.

Plaintiffs next argue that the agreement as to N.R.'s placement at iHope was subsequently modified by administrative decision.  Plaintiffs first point to IHO McKeever's 2019-20 pendency order, dated March 16, 2020.  *See Ferreira IV* Compl. ¶¶ 43–44, 63.  However, that order was reversed by an SRO based on a finding that Judge Furman had already dismissed Plaintiffs' claims for pendency on March 2, 2020, and Plaintiffs had not advised IHO

McKeever that the issue of pendency was being litigated in federal court.  *See* S.D.N.Y. Order; ECF No. 1-1 at 2, 21 Civ. 6012.  Next, Plaintiffs point to IHO Ajello's 2020-21 pendency order, dated October 16, 2020.  *Ferreira IV* Pl. Mem. at 15.  But, the DOE timely appealed that order and it was subsequently reversed by the SRO.  *See Ferreira I* Compl. ¶¶ 171–72.  Neither IHO McKeever's nor IHO Ajello's orders were final administrative decisions, and, therefore, they cannot support Plaintiffs' claim for pendency.  *See Schutz*, 290 F.3d at 482.

Finally, Plaintiffs point to SRO Hague's unappealed decision regarding the 2018-19 school year, issued on August 2, 2021, finding that N.R. had been denied a FAPE and iBrain was an appropriate placement.  *Ferreira IV* Pl. Mem. at 19.  Plaintiffs are correct that an SRO decision in their favor constitutes an agreement as to the change of placement, such that the school deemed appropriate by the SRO becomes the student's "current educational placement." *Schutz*, 290 F.3d at 482; *see also Burlington*, 471 U.S. at 372.  From the date of the SRO decision forward, the DOE is responsible for maintaining that placement.  *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 86 F. Supp. 2d 354, 366 (S.D.N.Y. 2000).  The Court notes that, as discussed above, SRO Harrington decided on April 14, 2021, that iBrain was an appropriate placement for 2019-20.  Thus, Plaintiffs are entitled to tuition and related services at iBrain on the basis of pendency from April 14, 2021, through the end of the 2020-21 school year, in accordance with SRO Harrington's 2019-20 order.

Nonetheless, to avoid duplicative relief and to provide the most complete relief possible, the Court next turns to the parties' motions in *Ferreira III*, addressing whether Plaintiffs are entitled to relief on the basis of denial of a FAPE for the 2020-21 school year.  Plaintiffs seek a reversal of the portion of SRO Harrington's order for the 2020-21 school year requiring the DOE

to pay for N.R.'s tuition and related services at iBrain only upon proof of payment by Plaintiffs.[4] *Ferreira III* Pl. Mem. at 1, ECF No. 24, 21 Civ. 11087.  Plaintiffs contend that SRO Harrington arbitrarily and capriciously reversed the portion of IHO Gronbach's order requiring direct payment of tuition and related services.  *Id.* at 5.

IHO Gronbach found that N.R. was denied a FAPE for the 2020-21 school year and that iBrain was an appropriate placement.  2020-21 SRO Decision at 8, ECF No. 1-2, 21 Civ. 11087.  The DOE did not contest these findings on appeal to the SRO.  *Id.*  Rather, the DOE only contested IHO Gronbach's direction to the DOE to directly pay for tuition and related services at iBrain.  *Id.* at 5, 8.  The DOE contested the validity of Plaintiffs' financial obligation to iBrain and their ability to pay tuition at iBrain.  *Id.* at 8.  SRO Harrington found that Plaintiffs entered into a contract with iBrain for the 2020-21 school year, and that Plaintiffs incurred a financial obligation to pay the cost of tuition and related services.  *Id.* at 9–10.  But, SRO Harrington found that Plaintiffs had the burden of showing that they did not have the financial resources to "front" the cost of services in order to seek as relief direct retrospective payment.  *Id.* at 10.  She concluded that reimbursement upon proof of payment was the appropriate remedy.  *Id.*

Because the issue of whether relief in the form of direct payment is contingent on a showing of an inability to pay is a legal one, the Court reviews the issue *de novo*.  *See Lillbask*, 397 F.3d at 82.  The propriety of retrospective direct payment as a remedy for denial of a FAPE depends on whether the plaintiff has standing to seek that relief.  *S.W. v. N.Y.C. Dep't of Educ.*,

---

[4] Plaintiffs also contest the portion of SRO Harrington's order denying Plaintiffs' request to have the DOE provide N.R. with a Tobii Dynavox device.  *Ferreira III* Pl. Mem. at 1, ECF No. 24, 21 Civ. 11087.  Plaintiffs do not appear to request any particular relief for that alleged error, *see id.* at 30; ECF No. 34 at 19, 21 Civ. 11087, presumably because N.R. is now deceased, rendering the device unnecessary, *Ferreira III* Def. Opp. at 7 n.2, ECF No. 33, 21 Civ. 11087; *Ferreira III* Compl. ¶ 21.  And, because the device was never obtained, no reimbursement can be awarded to Plaintiffs.  *See* ECF No. 37 at 7, 21 Civ. 11087.  Thus, the Court DENIES as moot any objection to the portion of SRO Harrington's order denying Plaintiffs' request to require the DOE to provide N.R. with a Tobii Dynavox device.

646 F. Supp. 2d 346, 355–56 (S.D.N.Y. 2009).  A plaintiff has standing if she has suffered an actual or imminent injury in fact which is concrete and particularized, there is a causal connection between the injury and the defendant's actions, and it is likely that a favorable decision will redress the injury.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).  A contractual responsibility to pay tuition constitutes an injury in fact.  *E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 456 (2d Cir. 2014) ("[P]laintiff has adequately demonstrated that, as a result of the [DOE's] alleged failure to provide a FAPE, she has incurred a financial obligation to [a private school] under the terms of the enrollment contract.  Plaintiff's contractual obligation itself constitutes an 'injury in fact' . . . that is 'redressable' by the direct tuition payment she seeks."); *see also S.W.*, 646 F. Supp. 2d at 358.  SRO Harrington found, and the DOE does not dispute on appeal, that Plaintiffs' contract with iBrain unambiguously establishes Plaintiffs' financial obligation to iBrain.  2020-21 SRO Decision at 10.  Therefore, Plaintiffs have standing to seek direct retrospective payment.

The DOE argues that the "[e]quitable considerations warrant denying or reducing a parent's request for relief where there is no proof that the parents have a legal obligation to pay, or that they are unable to pay for the services for which they seek payment."  *Ferreira III* Def. Opp. at 13.  But, the Court is unaware of any caselaw holding that proof of inability to pay is required to establish the propriety of direct retrospective payment.[5]  To the contrary, courts have broad discretion to grant appropriate relief, including retrospective direct payment of private school tuition.  *A.R. ex rel. F.P. v. N.Y.C. Dep't of Educ.*, No. 12 Civ. 4493, 2013 WL 5312537,

---

[5] The DOE's reliance on *Connors v. Mills*, 34 F. Supp. 2d 795 (N.D.N.Y. 1998), is misplaced.  *Connors* denied relief to a parent who sought prospective direct payment, but had not shown an inability to front the cost of private school tuition.  *Id.* at 806.  The only issue in *Connors* was the timing of payment for which the school district was undisputedly liable.  *Id.* at 805.  Prospective relief is generally disfavored as a matter of law.  *V.W v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 6317, 2022 WL 3448096, at *7 (S.D.N.Y. Aug. 17, 2022) (citing *Eley v. District of Columbia*, No. 11 Civ. 309, 2012 WL 3656471, at *11 (D.D.C. Aug. 24, 2012)).  Here, Plaintiffs request a retrospective remedy, so *Connors* is inapposite.

at \*11 (S.D.N.Y. Sept. 23, 2013) (citing *Mr. & Mrs. A. ex rel. D.A. v. N.Y.C. Dep't of Educ.*, 769 F. Supp. 2d 403, 427 (S.D.N.Y. 2011)).  And, "the exercise of rights under [the] IDEA cannot be made to depend on the financial means of a disabled child's parents."  *Id.* (citing *Mr. & Mrs. A.*, 769 F. Supp. 2d at 428).  Although the court in *A.R.* did consider the plaintiff's inability to pay, the court did not require such proof.  Moreover, where it is undisputed that the DOE is responsible for payment, and the DOE does not contest the reasonableness of the cost of tuition, it would be nonsensical to draw a distinction on equitable grounds between requiring the DOE to pay the school directly and forcing the parents to make an initial payment in the same amount that the DOE is then required to reimburse.  The Court concludes, based on the factual findings of both the IHO and SRO, that direct retrospective payment is an appropriate remedy here.

Accordingly, Plaintiffs' motion for summary judgment is GRANTED as to their request for direct retrospective payment for tuition and related services for the 2020-21 school year, and DENIED as to any claims regarding N.R.'s entitlement to a Tobii Dynavox device.  The DOE's cross-motion is GRANTED as to N.R.'s entitlement to the Tobii Dynavox device, and DENIED as to direct retrospective payment.  To avoid duplicative relief, Plaintiffs' motion in *Ferreira IV* for tuition and related services for the 2020-21 school year on the basis of pendency is DENIED.

Finally, the Court addresses the parties' motions in *Ferreira I*, which was stayed pending the Court's decision in *Ferreira III*.  *Ferreira I* is UNSTAYED, and Plaintiffs' motion for preliminary relief in the form of funding for the 2020-21 school year on the basis of pendency is DENIED as moot.  Further, because Plaintiffs' claims in *Ferreira I* are based entirely on IHO Ajello's 2020-21 pendency order, which, as described above, cannot support a claim for pendency as a matter of law, the DOE's motion to dismiss is GRANTED.

**CONCLUSION**

For the reasons stated above:

- *Ferreira I*, 20 Civ. 9849, is UNSTAYED.

- Plaintiffs' motion for preliminary relief in *Ferreira I* is DENIED.

- The DOE's motion to dismiss *Ferreira I* is GRANTED.  The Clerk of Court is directed to close the case.

- Plaintiffs' motion for summary judgment in *Ferreira II*, 21 Civ. 6012, is DENIED.

- The DOE's motion for summary judgment in *Ferreira II* is GRANTED.  The Clerk of Court is directed to close the case.

- Plaintiffs' motion for summary judgment in *Ferreira III*, 21 Civ. 11087, is GRANTED in part, and DENIED in part.

- The DOE's motion for summary judgment in *Ferreira III* is GRANTED in part, and DENIED in part.  The Clerk of Court is directed to terminate the motions at ECF Nos. 23 and 32.

- Plaintiffs' motion for preliminary relief in *Ferreira IV*, 22 Civ. 4993, is DENIED.  The Clerk of Court is directed to terminate the motion at ECF No. 5.

Accordingly, in *Ferreira III*, the Court shall award reasonable attorneys' fees and costs to Plaintiffs, pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I).  By **March 27, 2023**, Plaintiffs shall file a particularized request for reasonable attorneys' fees and costs, together with supporting documentation, that complies with 20 U.S.C. § 1415(i)(3)(C).  By **April 10, 2023**, the DOE shall file any objections thereto, after which the Court will render its final judgment.

Additionally, in *Ferreira IV*, the Court is in receipt of the parties' letters dated October 17, 2022, and October 24, 2022. ECF Nos. 21–22. The DOE's request for leave to file a motion to dismiss is GRANTED. By **April 18, 2023**, the DOE shall file its motion. By **May 9, 2023**, Plaintiffs shall file their opposition. By **May 23, 2023**, the DOE shall file its reply, if any.

SO ORDERED.

Dated: March 14, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge